NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 14 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE ABEL VEGA-OSUNA, Petitioner, v. TODD BLANCHE, Attorney General, Respondent. | No. 25-5528 Agency No. A205-594-583 MEMORANDUM* |

On Petition for Review of an Order of the
Department of Homeland Security

Submitted August 10, 2026**
San Francisco, California

Before: LEE, MENDOZA, JR., and DE ALBA, Circuit Judges.

Petitioner Jose Abel Vega-Osuna, a native and citizen of Mexico, seeks
review of an Immigration Judge's (IJ) affirmance of an asylum officer's
determination that he lacked a reasonable fear of return to Mexico. Vega-Osuna was
previously removed from the United States as unlawfully present in 2013 and later

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

reentered unlawfully. He is again subject to removal under the 2013 reinstated order. Because we lack jurisdiction, we dismiss the petition.

Our jurisdiction is based on 8 U.S.C. § 1252(a)(1), which "allows an individual to petition for judicial review of a final order of removal in the appropriate court of appeals." *Monsalvo Velázquez v. Bondi*, 604 U.S. 712, 720 (2025) (cleaned up). Accordingly, if a petitioner does not challenge a final order of removal, we lack jurisdiction to hear the petition. *Navarrete v. Bondi*, 170 F.4th 1214, 1217, 1221 (9th Cir. 2026).

A negative reasonable fear determination—like the one Vega-Osuna challenges—is not a reviewable order of removal, "nor does it merge into a final order of removal." *Id.* at 1225. Here, just as in *Navarrete*, Vega-Osuna does not assert a colorable claim with respect to either his original 2013 removal order or the reinstatement decision. *See id.* We thus lack jurisdiction and must dismiss his petition. *Id.*

Even if we had jurisdiction, his claim fails on the merits. We review an IJ's negative reasonable fear determination for substantial evidence. 8 U.S.C. § 1252(b)(4)(B); *Bartolome v. Sessions*, 904 F.3d 803, 811 (9th Cir. 2018). In affirming the decision of the asylum officer, the IJ found that Vega-Osuna failed to establish: (1) a nexus between the harm he fears and a protected ground; (2) that relocation within Mexico was unreasonable; and (3) that he would suffer severe

physical or mental pain or suffering inflicted by Los Linieros cartel or the Mexican police who worked with them upon returning to Mexico.

Vega-Osuna's sole argument on appeal is that he presented sufficient evidence to show that there is at least a "ten percent chance" that he will be "tortured if returned to his . . . home country."[1]  But substantial evidence supports the asylum officer and IJ's contrary determination.  In his interview with the asylum officer, Vega-Osuna stated that he had been kidnapped by Los Lineros in 2013, that the police refused to take his report of the kidnapping, and that he fled Mexico after the cartel threatened to kill him.  However, when asked if there was any evidence that Los Linieros was still interested in harming him, Vega-Osuna responded, "I think so, because of how the violence is today in Mexico."  When asked if there was any evidence that the Mexican government was still interested in harming him, Vega-Osuna again pointed to his general concern with violence in Mexico, adding only that he was concerned the government was angry with him for fleeing to the United States.  But this "[g]eneralized evidence of violence and crime is insufficient to establish a likelihood of torture.  The record must show that it is more likely than not that the petitioner will face a particularized and non-speculative risk of torture." *Park v. Garland*, 72 F.4th 965, 980 (9th Cir. 2023) (cleaned up).

---

[1] Vega-Osuna does not challenge the nexus determination on appeal, so review of this issue is waived.  *Nguyen v. Barr*, 983 F.3d 1099, 1102 (9th Cir. 2020).

Moreover, when asked why relocation would not be possible, Vega-Osuna stated only that he was afraid he would be targeted by the cartel and that they would find him because "they have connections all over Mexico." He does not point to any evidence supporting his belief that the "whole Mexican government is corrupt" or that the "whole government in Mexico works with the mafia." This is insufficient to compel the conclusion that Vega-Osuna is more likely than not to be tortured if he returns to Mexico.

**PETITION DISMISSED.**[2]

---

[2] The temporary stay of removal (Dkt. No. 2) will remain in place until the mandate issues. Petitioner's motion to stay removal is otherwise denied.